UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON M. MARICHALAR,<br><br>Petitioner,<br><br>v.<br><br>M. D. BITER, Warden,<br><br>Respondent.<br>_____/ | 1:12-CV-00799 LJO GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Butte, following his conviction in 2002 for kidnaping and possession of a controlled substance for sale. He was sentenced to a term of 12 years and four months.

Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a prison disciplinary hearing held on September 20, 2009, in which he was found guilty of possession of drug paraphernalia.

On May 27, 2010, Petitioner filed a petition for writ of habeas corpus in the Monterey

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's answer to the petition.

County Superior Court. (See Resp't's Answer, Ex. 2.) The petition was denied on July 15, 2010. (See Resp't's Answer, Ex. 3.) The court concluded there was some evidence to support the guilty finding under Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). (Id.) Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeals, Sixth Appellate District. (See Resp't's Answer, Ex. 4.) The petition was summarily denied on October 25, 2010. (See Resp't's Answer, Ex. 5.) Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court. (See Resp't's Answer, Ex. 6.) The petition was summarily denied on January 26, 2011. (See Resp't's Answer, Ex. 7.)

On May 16, 2012, Petitioner filed the instant federal habeas petition in this Court. Petitioner contends his due process rights were violated when the Senior Hearing Officer ("SHO") refused to allow Petitioner to call witnesses, ignored exculpatory evidence, misconstrued the evidence, and misconstrued Petitioner's plea statement. On September 4, 2012, Respondent filed an answer to the petition. On October 18, 2012, Petitioner filed a traverse.

## FACTS[2]

On August 28, 2009, Correctional Officer B. Suazo was releasing Building "A3" for the evening meal at Salinas Valley State Prison when he smelled something burning. He then began searching door-to-door when he noticed Petitioner and inmate Wilson blocking his view into their cell. Officer Suazo directed both inmates to move to the side so he could see inside the cell. They complied at which time Officer Suazo observed two spoons on the table at the end of the cell along with a hypodermic needle. Officer Suazo called for assistance whereupon inmate Wilson seized the hypodermic needle and proceeded to flush it down the toilet. The inmates were then taken into custody and escorted out of their cell for a full body search. No additional contraband was discovered.

Petitioner was charged with possession of drug paraphernalia and a hearing was held on September 20, 2009. Based on the reports of the officers and the staff nurse, Petitioner was found

---

[2] These facts are derived from the Rules Violation Report, Crime/Incident Report and Medical Report attached as Exhibit 1 to the Answer, and the Monterey County Superior Court's order denying petition attached as Exhibit 3 to the Answer. The facts as determined by the superior court are presumed correct, and Petitioner fails to present clear and convincing evidence otherwise. See 28 U.S.C. § 2254(e)(1).

guilty and assessed 120 days of credit forfeiture.

**DISCUSSION**

I.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Salinas Valley State Prison, California.  At the time of filing, Petitioner was housed at Kern Valley State Prison, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

II.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct.

at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

III.  Review of Petition

Petitioner contends he was wrongly found guilty of possession of drug paraphernalia.  The petition is without merit as the state court finding that all due process requirements were met was not contrary to or an unreasonable application of Supreme Court precedent.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of

1 Immigration, 273 U.S. 103, 106 (1927)

2   The first and third due process requirements are not at issue in this case.  However, Petitioner
3 contends he was denied the second requirement because his requests for witnesses were denied.  In
4 denying this claim, the superior court noted that "[t]he documentation regarding the RVR [Rules
5 Violation Report] and the hearing reflect that [Petitioner] did not request any witnesses for the
6 disciplinary hearing." (See Resp't's Answer, Ex. 3.)  The superior court's determination was not
7 unreasonable since the record reflects that Petitioner did not request any witnesses at the hearing, nor
8 did he request that any exculpatory evidence be considered outside the record.  (See Resp't's
9 Answer, Ex. 1.)  Although Petitioner claims he did make such requests, he provides no evidence in
10 support thereby failing to overcome the presumption that the state court's factual findings were
11 correct.  28 U.S.C. § 2254(e)(1).

12   Next, Petitioner claims the guilty finding was not supported by the evidence.  As noted
13 above, due process requires only that the decision be supported by "some evidence." Hill, 472 U.S.
14 at 455.  In this case, there was at least "some evidence" supporting the guilty finding.  Petitioner and
15 his cellmate were viewed with two spoons and a hypodermic needle in their room.  (See Resp't's
16 Answer, Ex. 1.)  Petitioner's cellmate flushed the needle when the officer observed it.  (Id.)  When
17 Petitioner was physically examined, the staff nurse noted that Petitioner's pupils were dilated and
18 non-responsive to light.  (See Resp't's Answer, Ex. 3.)  At his hearing, Petitioner made an admission
19 in stating: "If we was [sic] to flush anything, why didn't we flush the dope that was in the spoons."
20 (See Resp't's Answer, Ex. 1.)  Given this evidence, Petitioner fails to show that the guilty finding
21 was not supported by "some evidence" from which a rational trier of fact could have determined that
22 Petitioner possessed drug paraphernalia.  Accordingly, the state court determination that all due
23 process requirements were met was not contrary to or an unreasonable application of Supreme Court
24 precedent.  The petition should be denied.

25   **RECOMMENDATION**

26   Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus
27 be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter
28 judgment.

1  This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 5, 2012              /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE